IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DANIEL EDWARD RULO,           )
                              )
            Plaintiff,        )
                              )
      v.                      )     No. 07-4172-CV-C-SOW
                              )
BOONE COUNTY JAIL, et al.,    )
                              )
            Defendants.       )

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff Daniel Edward Rulo, an inmate confined in the Boone County Jail, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as defendants are the Boone County Jail and Boone County Jail Staff.

In support of his claims for equitable relief and damages, plaintiff claims (1) defendants confiscated his legal material, read it and did not return all of it; (2) defendants read plaintiff's letter to his attorney; (3) he was placed in a cold cell; (4) he had his arms twisted; and (5) he was denied a mattress, telephone privileges, a television and recreation for no reason. Plaintiff also seeks a transfer.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the

successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's claims against the Boone County Jail should be dismissed. Local governmental units, such as a city or county, are included among those to which section 1983 applies. Monell v. Department of Soc. Serv. of City of N. Y., 436 U.S. 658, 690 (1978). See also Ware v. Jackson County, Mo., 150 F.3d, 873, 880 (8th Cir. 1998) (applying analysis of municipal liability under Monell to county government defendant). However, liability of a local governmental unit under section 1983 cannot be premised merely on the fact that it employs a tort-feasor or tort-feasors; in other words, section 1983 liability against a local governmental unit cannot be based upon a respondeat superior theory. Id. at 691. In order to establish liability of a local governmental unit under Monell, the plaintiff must establish that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." Id. at 694. See also St. Louis v. Praprotnik, 485 U.S. 112 (1988); Jett v. Dallas Indep. School Dist., 491 U.S. 701 (1989). Thus, plaintiff must allege facts indicating that the county defendants were acting pursuant to official county policy in order to state a claim under section 1983 against the county.

However, the Boone County Jail is not an entity that is subject to suit and plaintiff has not made sufficient allegations to hold the county liable. A county correctional center or jail is not a suable entity under 42 U.S.C. § 1983 because it is merely an arm of the county and lacks a separate legal identity apart from the county. Spinks v. City of St. Louis Water Div., 176 F.R.D. 572, 573 (E.D. Mo. 1997) (citing State of Missouri ex rel. Gore v. Wochner, 475 F. Supp. 274, 280 (E.D. Mo. 1979), aff'd, 620 F.2d 183 (8th Cir. 1980)).

Furthermore, plaintiff has not named any individuals whom he alleges have engaged in unconstitutional behavior. Plaintiff may not sue simply everyone in the jail, but must specify who did things to him that he believes were unconstitutional.

Plaintiff's complaint should be dismissed because he has failed to state a claim, pursuant to 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

However, plaintiff will be granted twenty days in which to file an amended complaint naming the jail officials and their specific conduct he believes violated his constitutional rights.

On August 29, 2007, plaintiff filed a motion for appointment of counsel under 28 U.S.C. § 1915, which authorizes the court to request an attorney to represent an individual who is unable to afford counsel. It is the practice of this court to grant provisional leave to proceed in forma pauperis to individuals who qualify on the basis of indigence, even though the case may be subject to dismissal under 28 U.S.C. §§ 1915 or 1915A on other grounds. It is the general practice of this court to deny requests for appointment of counsel in the very early stages of the proceedings before an answer has been filed, or when it appears that dismissal may be warranted because the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. §§ 1915 or 1915A. Accordingly, it is

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [3] It is further

ORDERED that plaintiff is granted twenty days from this date to file an amended complaint as set forth herein. It is further

ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's claims against the Boone County Jail and Boone County Jail Staff be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 4th day of October, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4