IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DANIEL EDWARD RULO, )
)
        Plaintiff, )
)
        v. ) No. 07-4172-CV-C-SOW
)
BOONE COUNTY JAIL, et al., )
)
        Defendants. )

## ORDER

      On October 4, 2007, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims against the currently named defendants. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

      The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on October 10, 2007. The issues were adequately addressed in the report and recommendation and the currently named defendants are entitled to dismissal. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

      In his exceptions, plaintiff also requested additional time, a court order or appointed counsel to obtain the names of the individuals against whom he wanted to bring suit. Plaintiff was initially given twenty days to submit a proposed amended complaint naming the proper parties. More than seventy days have passed since plaintiff responded to that order, and he has not submitted an amended complaint or otherwise identified his proposed defendants. Plaintiff has remained housed at the Boone County Jail during this time and the court is not persuaded that plaintiff has been unable to obtain the names of the individuals involved, particularly if they are still employed at the jail. Accordingly, dismissal of plaintiff's complaint is warranted for failure to comply with court orders. As stated in M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977):

A district court has power to dismiss an action for failure of the plaintiff to comply with 'any order of court.' Fed. R. Civ. P. 41(b). Such action may be taken on the court's own motion, Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971); see Stanley v. Continental Oil Co., 536 F.2d 914, 916-17 (10th Cir. 1976), and may be exercised under the court's inherent power to control its docket, Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir. 1972); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962), and to protect the integrity of its orders, Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975). See generally 15 A.L.R. Fed. 407 (1973).

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of October 4, 2007 is adopted. [7] It is further

ORDERED that plaintiff's request for additional time, for an order directed to jail officials, and for reconsideration of appointment of counsel is denied. It is further

ORDERED that plaintiff's claims against the currently named defendants are dismissed, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

ORDERED that, in the alternative, plaintiff's claims are dismissed, pursuant to Fed. R. Civ. P. 41(b), for failure to comply with court orders.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: January 7, 2008